RITTENHOUSE & BEILMAN, for defendant in error; JOHN J. BEILMAN, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

ASSUMPSIT, ACTION OF, § 66*—*when evidence sustains recovery.* Evidence in an action to recover for electrical work done and materials furnished to defendant, partly on a written contract and partly on oral contracts, *held* sufficient to sustain a verdict for plaintiff.

---

### Gustav E. Beerly, Administrator, Defendant in Error, v. Globe Indemnity Company of New York, Plaintiff in Error.

### Gen. No. 20,469.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915. Rehearing denied July 3, 1915.

### Statement of the Case.

Action by Gustav E. Beerly, administrator of the estate of Anna Zabelle Gurinian, deceased, against the Globe Indemnity Company of New York, a corporation, upon an alleged compromise agreement for the payment of damages for the death of deceased.

From a judgment for plaintiff, defendant appeals.

The deceased met her death by being run over by an automobile bolonging to one Herman Mollner, who carried an insurance policy issued by the Globe Indem-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

nity Company, in which that company agreed to indemnify Mollner "against loss from the liability imposed by law upon the assured for damages as a result of the ownership, maintenance or use" of his automobile, "on account of bodily injuries, including death, at any time resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons." By other provisions of the policy, the indemnity company agreed to make such investigation of accidents, and to undertake such negotiations or make such settlements "of any claims made," as the company might deem advisable, and to defend all suits brought against Mollner, "even if groundless," in the name and on behalf of the insured.

During the year following the accident, negotiations for a settlement of the plaintiff's claim against Mollner were had between the administrator and C. S. Watson, the "superintendent of the western claim department" of the defendant company. The plaintiff testified that on November 17, 1913, as a result of such negotiations, Watson offered, on behalf of the indemnity company, to pay him $875 in settlement of his claim, and that he then and there accepted the offer. Watson testified that he never offered the plaintiff more than $750; that he intimated the company might pay $875, but that plaintiff demanded $1,000, and that no agreement was reached. No suit against Mollner was brought by the plaintiff, and a few days after the one-year-statute of limitations had run, Watson called the plaintiff by telephone and told him that as no suit had been brought within a year, the company withdrew its offer and declined to pay anything. Thereupon, this suit was brought to recover the amount which the plaintiff claimed the defendant agreed to pay.

ZIMMERMAN, MYERS AND GARRETT, for plaintiff in error.

Scola et al. v. Scola, 194 Ill. App. 336.

JOHN B. HEINEMANN, for defendant in error; LEWIS RINAKER, of counsel.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. COMPROMISE AND SETTLEMENT, § 16*—*when evidence shows agreement to compromise.* Evidence in an action by the administrator of the estate of one who was killed by being run over by an automobile, against an indemnity insurance company on an alleged settlement made by the superintendent of one of its division claim departments, the administrator claiming that an agreement for settlement was made and the superintendent denying that any agreement was reached, *held* to sustain a finding that such agreement was made.

2. COMPROMISE AND SETTLEMENT, § 5*—*when consideration sufficient to support promise.* The compromise of a doubtful right, where there is neither actual nor constructive fraud, and the parties act in good faith, in sufficient consideration to support a promise although the one party may have really had no claim.

3. COMPROMISE AND SETTLEMENT, § 4*—*when superintendent of claim department has authority.* Where a superintendent of a division of the claim department of an indemnity company is clothed with apparent authority to settle any claim covered by its insurance policies, the company is liable upon a compromise agreement effected by him.

---

Teresa Scola and Beatrice Scola, Defendants in Error, v. Luigi Scola, Plaintiff in Error.

### Gen. No. 20,482.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed June 17, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.